PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

   Plaintiff,

 -v-

PAUL PICCOLO, GREGORY STACHOWSKI, II, TODD BENTLEY, JR., JAMES CIULLA, JONATHON SPENCE, JAMES TAYLOR, CHRISTOPHER CLARK, JOSEPH CLATE, JOHN DOE, STEVE POST, CHARLES REINHART,

   Defendants.
_____

**DECISION AND ORDER**

6:21-CV-6050 EAW

  *Pro se* Plaintiff Jay Bradshaw, a prisoner currently confined in the Southport Correctional Facility, has filed a complaint asserting claims under 42 U.S.C. § 1983. Dkt. 1. He also has submitted a Motion to proceed *in forma pauperis*, Dkt. 2, and a Motion for injunctive relief, Dkt. 3. For the reasons explained below, Plaintiff's Motion to proceed *in forma pauperis* ("IFP") is denied, and the complaint will be dismissed without prejudice unless Plaintiff pays the filing and administrative fees of $402.00 as directed below. Further, Plaintiff's Motion for injunctive relief is denied.

1

**DISCUSSION**

**I.      Three "Strikes" Rule**

A "prisoner," *see* 28 U.S.C. § 1915(h),[1] who has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . .," may not proceed IFP "unless the prisoner is under imminent danger of serious physical injury." *Id*. § 1915(g).  In other words, when a prisoner has garnered three "strikes," as they are commonly known, the motion for IFP status must be denied unless the plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.  In that regard, the Court must determine whether the plaintiff was in imminent danger at the time of the filing of the complaint.  *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

Here, Plaintiff garnered three strikes before he filed the instant complaint on January 19, 2021.  On June 17, 2019, the United States District Court, Southern District of New York revoked Plaintiff's IFP status and dismissed his complaint upon finding that he had three strikes and had not made a claim of being in imminent danger of serious physical injury. *Bradshaw v. City of New York*, No. 18 CIV. 8215 (ER), 2019 WL 2502036, at *2-3 (S.D.N.Y. June 17, 2019).  Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), Plaintiff's Motion for IFP must be denied unless he has plausibly asserted that he is under imminent danger of serious physical injury.

---

[1]      "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for . . . violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

II.     **Imminent Danger of Serious Physical Injury**

The Second Circuit has instructed that "[a]n imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed." See *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010*)* (internal quotations and citations omitted); see also *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (explaining that "it is not sufficient to allege that 'harms . . . had already occurred'") (quoting *Malik*, 293 F.3d at 562-63).

While § 1915(g) presents "only a threshold procedural question," which does not require "an overly detailed inquiry into . . . the allegations," there must still be a serious physical injury feared. See *Chavis*, 618 F.3d at 169 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). Further, there must "be a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." *Akassy*, 887 F.3d at 97 (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). To assess whether the proper nexus exists, courts look to "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus*, 554 F.3d at 298-99.

In the case at bar, Plaintiff asserts that he is, and was when the complaint was filed, in imminent danger of physical injury. Plaintiff alleges that since his arrival at Southport Correctional Facility on October 4, 2020, Defendants Bentley, Taylor, Cuilla, Spence, Clark, Crate, and Putney repeatedly shout out Plaintiff's name, cell location and the details of their conversations with him. Dkt. 1 at 2-4. These Defendants have also repeatedly shouted while walking the gallery, so that other prisoners can hear, that

3

"Bradshaw is a Rapo," or that "Bradshaw is a pediphiler." *Id*. at 3-4. Plaintiff told Defendant Reinhart about these events and that they have "resulted in harassment and threats by other prisoners," and also have created a hostile and/or potentially dangerous environment for Plaintiff at Southport, or at any facility to which he may be transferred. *Id*. at 4. Plaintiff further alleges that Defendants have provided some of his personal information to inmates so that they can look up Plaintiff's criminal case and harass or threaten him with violence. *Id*. at 5. An inmate named "Jackson" spit on Plaintiff, and prisoners have threatened to throw feces on Plaintiff and to attack him during congregate recreation, all in the presence of correctional officers who have refused to report or take measures to prevent such actions. *Id*. In support of his claim that these actions are an imminent risk to his safety, Plaintiff alleges that "[u]pon information and belief, numerous prisoners suffered serious injuries after being gang assaulted during programs and congregate (even while [in] handcuffs)." *Id*. Plaintiff filed a grievance, putting Defendant Piccolo and Post "on notice of the reckless conduct of the officers . . . but they failed to take disciplinary action against them or otherwise . . . control their behavior." *Id*. Plaintiff has also been unable to sleep since he was moved to a cell near the back door, which "makes a loud popping sound (like a gunshot)," every time the door is unlocked. *Id*. at 6. Plaintiff states that he believes he "is in substantial risk of harm of his health and safety," and "is in imminent danger and . . . in extreme fear for his safety." *Id*. at 6, 8.

To fall within the imminent danger exception, the danger must be specific in nature, and amount to more than just fear that a physical attack could occur at some point in the future. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (plaintiff must present "specific fact allegations . . . of a pattern of misconduct evidencing the likelihood

of imminent serious physical injury"); *Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *11-12 (S.D.N.Y. July 3, 2018) ("[A]ll of Plaintiff's allegations regarding the threats he received once he arrived at Great Meadow are conclusive and speculative. Plaintiff merely uses the word 'threaten' without specifying who threatened him, what the threat entailed, and how he knew it was related to a call from Green Haven—let alone who made the calls from Green Haven. . . . The Court need not accept these conclusory, self-serving allegations as true, nor can it invent factual allegations that [Plaintiff] has not pled." (alteration in original) (quotation and citation omitted)); *Pettus v. Mangano*, No. 05–CV–1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005) ("Plaintiff does not allege that he faces any specific danger at Elmira Correctional Facility. Rather, he speculates that he, like any other inmate at the facility, faces potential danger at the hands of other inmates. Were this Court to hold that such speculation is sufficient to satisfy the 'imminent danger' requirement, this Court would effectively create a blanket exception to the 'three strikes' rule for all inmates of maximum security prisons").

Plaintiff has failed to allege specific facts plausibly suggesting that he was under imminent danger of serious physical injury at the time he filed his complaint. Plaintiff alleges that the conduct forming the basis for his complaint began on October 4, 2020, but he did not file his complaint until over three months later on January 19, 2021, which suggests that any risk of harm from the alleged conduct was not "imminent." Further, Plaintiff's allegations lack the specificity required to demonstrate that he was under imminent danger of serious physical injury. For example, Plaintiff's allegations relating to the imminent danger he faces are based merely on his fear that he may be attacked and sustain a serious injury because in the past prisoners have suffered serious injuries after

5

being gang assaulted (see, e.g., Dkt. 1 at 5 ("Upon information and belief, numerous prisoners suffered serious injuries after being gang assaulted during programs and congregate (even while [in] handcuffs.")), and his allegations that he has been threatened are conclusory and lack additional detail, such as who made the threats and when they occurred. Moreover, where any specificity is provided (such as the allegation about being spit on), it does not rise to the level of plausibly alleging imminent danger of serious physical injury. Accordingly, Plaintiff has not made a sufficient showing to qualify for an exception to the three strikes rule. Plaintiff's Motion to proceed in forma pauperis is denied, and the complaint will be dismissed unless Plaintiff pays the filing and administrative fees of $402.00.

## CONCLUSION

Plaintiff's Motion to proceed in forma pauperis status is DENIED. Plaintiff has **45 days** from the issuance of this Order to pay the $402.00 filing fees. If the filing fees are not paid by that date, the complaint shall be DISMISSED without prejudice, and the Clerk of Court shall terminate this action without further order of this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. See Coppedge v. United States, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
Elizabeth A. Wolford
United States District Judge

DATED:     April 8, 2021
           Rochester, NY